**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**NIKITA VLADIMIR KHABAROV,
A# 075-445-023,**

    **Petitioner,**

vs.                                        **Case No. 4:18cv60-WS/CAS**

**JEFF SESSIONS, et al.,**

    **Respondents.**
_____/

## ORDER and REPORT AND RECOMMENDATION

Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 26, 2018. ECF No. 1. Petitioner was ordered removed from the United States on October 2, 2017, but argued that his removal to Russia was "not significantly likely to occur in the reasonably foreseeable future." *Id.* at 4-5. Petitioner sought release from detention pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001).

Service of the petition was directed, ECF No. 4, and Respondents filed a response to the petition on April 2, 2018, asserting that the petition was prematurely filed. ECF No. 7 at 1-2. Respondents argued that ICE

was "diligently working to address the only identified obstacle to removal; the need for Petitioner to apply for Russian citizenship."  *Id.* at 2.  The response claimed there was a "significant likelihood of removal in the reasonably foreseeable future"[1] and requested the petition be dismissed as meritless.  *Id.*

An Order was entered on April 5, 2018, reminding Petitioner that he had until April 30, 2018, in which to file a reply, if desired, to the response filed by Respondents.  ECF No. 8.  Petitioner has not filed a reply, but on May 1, 2018, a status report was filed by Respondents which advised that ICE has communicated that "because there is only one Russian Embassy open in the United States, it may take up to two years to get a response regarding Petitioner's citizenship and travel documents."  ECF No. 9.  "As a result, ICE decided to release Petitioner from custody, and he was released on April 18, 2018."  *Id.* at 1.

A motion to dismiss has now been filed, confirming that Petitioner was released "from custody under an order for supervision on April 18, 2018."  ECF No. 10 at 2.  Attached to the motion is an exhibit revealing

---

[1] Respondents asserted that "based upon similarly situated individuals who must apply for Russian citizenship, the process of obtaining Petitioner's travel document may take up to seven months from the date of initial request."  ECF No. 7 at 11.  ICE expected issuance of a travel document in early July 2018.  *Id.*

Petitioner was released from detention on April 18, 2018.  ECF No. 10-1. Therefore, because Petitioner has been afforded the relief sought in the petition and is no longer in custody, this § 2241 petition should now be dismissed as moot.

Additionally, the motion to dismiss contains a certificate of service indicating the document was provided to Petitioner at his address of release, 501 Butler Blvd., Apt. # 1, Daytona Beach, Florida 32118.  ECF No. 10 at 5.  The Clerk of Court shall forward this Report and Recommendation to Petitioner at that address.  If Petitioner disputes that this case is moot, he must immediately file "objections" and a notice of change of address.

## ORDER

It is **ORDERED** that the Clerk of Court shall forward this Report and Recommendation to Petitioner at 501 Butler Blvd., Apt. # 1, Daytona Beach, Florida 32118, and his address of record at the Wakulla County Jail.

## REPORT AND RECOMMENDATION

In light of Respondents' showing that Petitioner has been released from detention, it is respectfully **RECOMMENDED** that the motion to dismiss, ECF No. 10, be **GRANTED**, and the § 2241 petition be **DISMISSED as moot** since Petitioner has been granted the relief sought in the petition.

**IN CHAMBERS** at Tallahassee, Florida, on May 8, 2018.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**